# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LEAR SIEGLER DIVERSIFIED           CASE NO. 1:05CV00687
HOLDINGS CORP.                         (HOGAN, M.J.)
    PLAINTIFF

VS.

SAFELITE GROUP, INC., ET AL.,
    DEFENDANTS

## ORDER

Before the Court are Defendants' Motion for Judgment (Doc. 34), Plaintiff's Motion for Judgment (Doc. 35), Plaintiff's Memorandum in Opposition (Doc. 36), and Defendants' Reply thereto (Doc. 37).

## BACKGROUND

The parties have cooperated in the preparation and filing of 42 Stipulations of Fact, but essentially disagree on the ownership of 73,057 shares of Prudential Insurance Company common stock, issued in 2001, when Prudential converted from a mutual life insurance company to stock life insurance company or "demutualized." The shares in question, now worth approximately $7M, were transferred from Plaintiff, per the instruction of James Matthews, Plaintiff's President and General Counsel, to Bank One, Trustee of the Lear Siegler Inc. Master Retirement Trust, hereafter called the "Master Trust." Plaintiff expected Bank One, Trustee, to properly allocate or register the shares, with the expectation that most of the shares would be returned. Plaintiff chose to transfer the stock to Bank One, rather than allocate the stock itself, because it feared adverse tax consequences and possible ERISA violations. Neither party has any criticism of Matthews' decision regarding that transfer as Bank One is the Trustee of the Lear Siegler Master Trust and the Trust is the group policyholder of the three group annuity contracts.

Three annuity contracts were purchased by Plaintiff from The Prudential Insurance Company to fund retirement benefits to individual participants named in the annuity contracts relative to three retirement plans: (A) The Lear Siegler, Inc. Profit Sharing and Retirement Plan, known as GA-9244, (B) The National Twist Drill & Tool Co., Division of Lear Siegler, Inc. (1)UAW Retirement Income Plan and (2) Major Retirement Income Plan, known as GA-8768, and (C) The National Twist Drill & Tool Co., Division of Lear Siegler, Inc. UAW Retirement Income Plan, known as GA-8891. All of these plans were terminated prior to the date of the Prudential mutualization, with the sole exception being The National Twist Drill & Tool Co, Division of Lear Siegler, Inc. which was merged with The Lear Siegler, Inc. Retirement Plan in 1985.

In May, 2002, Plaintiff made formal demand upon Defendant for an allocation of the Prudential stock. Defendant engaged an attorney from Dallas, one Brooks Hamilton, Esq., whose recommendation that Plaintiff's demand be declined, resulted in Plaintiff's filing of a Complaint with a District Court in New Jersey. The case has subsequently been transferred to the Southern District of Ohio.

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be

created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson &*
*Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the
matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at
249-50. In so doing, the trial court does not have a duty to search the entire record to establish
that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C.*
*Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d
1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient
disagreement to require submission to a jury or whether it is so one-sided that one party must
prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a
*prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and
*Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for
the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v.*
*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff argues that all assets of an employee benefit plan must beheld in trust for the
benefit of participants in that employee benefit plan. 29 U.S.C. § 1103. Plaintiff argues that the
annuity contracts contain a list of those annuitants who were participants in the terminated plans.
Plaintiff contends that it is irrelevant that that the plans are terminated. According to Plaintiff,
the annuitant's interest "endures." Plaintiff seeks a return of that portion of the shares which can
be properly allocated to the terminated plans. Plaintiff theorizes that Defendants' motivation in
refusing to return the shares is to communicate an inflated value of its pension plan's assets in
order to reduce funding obligations under Section 412 of the Internal Revenue Code.

Defendant argues that the Master Trust holds title to almost all of the Prudential stock and
that Plaintiff is neither the owner nor group policyholder of any of the three annuity contracts
issued to Bank One, Trustee of The Lear Siegler Master Trust. Defendant argues that Article II
of the agreement governing the Master Trust states that unless specific actions were taken by the
Administrative Committee, all of the investments held by the Master Trust were to be held in a
single, commingled pool for the benefit of all then-participating pension and profit-sharing plans,
*"each of which thereby acquired a percentage interest in the pool."* (*See* Doc. 35, Declaration of

James F. Matthews, Ex. D, Master Retirement Trust, Article Two). In other words, Defendant argues that the Administrative Committee had the power to direct the trustee to segregate the stock and allocate the group annuity contracts to Plan accounts for each of the three terminated Plans. No such segregation ever occurred. Simply put, Defendant argues that when demutualization occurred, the annuity contract holder held title to the disputed stock shares and the annuity contracts in this case identified the Trustee of the Master Trust as the owner of that contracts. *See Stewart v. Nat'l Educ. Ass'n,* 471 F.3d 169, 171 (D.C. Cir. 2006).

In summary, Defendant argues that both the annuity contracts themselves and the Master Trust Agreement identify the Master Trust as the owner of the disputed shares. A fair inference would be that the Master Trust also paid the premiums for the annuity contracts in the first place, although this fact appears to be disputed.

In any event, Defendant requested and obtained an opinion from Brooks Hamilton, Esq., a Dallas Attorney, who was asked to opine on the question of ownership of the shares. Because Mr. Hamilton concluded that the shares are plan assets subject to ERISA, his answer to the question was that neither corporate Plaintiff nor corporate Defendant own the shares, but that the shares are plan assets subject to ERISA's fiduciary requirements, specifically sections 404(a), 403 and 406. In other words, the Lear Siegler Master Retirement Trust is the contract holder and thus the owner of the shares and the shares were properly issued to Bank One, Trustee of the Lear Siegler Master Retirement Trust. Mr. Hamilton's sources were Prudential's Guide to Issues Regarding Demutualization, an advisory opinion from the Department of Labor, the Internal Revenue Code's policy precluding the reversion of plan assets and an article by David Katz.

Actually correspondence from Brooks Hamilton under date of April 16, 2003 and May 22, 2003 and from James Matthews under date of April 23, 2003 clearly present the differing views expressed by the parties in this case. (Doc. 29, Exs. 4 - 15).

Defendant cites *Bank of N.Y. v. Janowick,* 470 F.3d 264 (6th Cir. 2006) as the source of the principle of law which applies in this case, namely that the annuity contract holder holds title to stock shares resulting from a demutualization. In accord are the opinions in *Stewart,* 471 F.3d 169; *Steelman v. Prudential Ins. Co. of Am. and Prudential Fin., Inc.,* 2007 U.S. Dist. LEXIS, 30149 (E.D. Cal; April 4, 2007); and *RLJCS Enters., Inc. v. Prof. Benefit Trust Multiple E'er Welfare Benefit Plan and Trust,* 2007 U.S. App. LEXIS 10125 (7th Cir. May 11, 2007).

Plaintiff's position is best expressed by Mr. Matthews in a November, 2004 letter to Dan Heron, Senior Vice President and CFO of Safelite Glass Corp.

> It is and has been our position that, while the Lear Siegler Pension Plan is entitled to retain the shares attributable to the annuities purchased on behalf of that Plan (including any annuities purchased on behalf of plans that were later folded into the Lear Siegler Pension Plan), the Lear Siegler Pension Plan is not entitled to retain the shares attributable to annuities purchased on behalf of other plans (including any plans that were terminated after the purchase of the annuities).

(Doc. 29, Ex. 15) .

Plaintiff brought a number of claims against Defendant, the first of which is a claim for breach of fiduciary duties under 29 U.S.C. Section § 1104. It seems obvious that both parties are fiduciaries under ERISA guidelines. The alleged breach is Defendant's refusal to allocate the disputed stock among the now terminated plans. The second claim is for equitable restitution, an alternative claim, useful to Plaintiff in the event it does not prevail on the first or main claim. The third claim is for conversion.

With respect to the ERISA claim, Defendant asserts the applicable Statute of Limitations, 29 U.S.C., § 1113, ERISA § 413. Both parties agree that the above is the applicable statute and they further agree that suit was filed on April 4, 2005. Both parties also agree that when Plaintiff obtained "actual knowledge," the limitations period commenced. However, the parties disagree on the date that the cause of action accrued or put another way, they disagree on the date Plaintiff acquired "actual knowledge" that Defendant would not allocate the stock. Plaintiff argues that the triggering date was in November, 2004, the date of the Matthews - Herron correspondence, discussed above. Although this was a final demand, from Matthews' point of view, it was clear that he simply cannot make a series of demands to effectively extend the limitations period ad infinitum. We reject the notion that the limitations period started in November, 2004. Defendant makes an alternative argument, the first prong of which is that Plaintiff acquired "actual knowledge" when it turned over the stock to Defendant in 1997. We disagree that the 1997 date was the triggering event since it is arguable that it was Matthews' intent that a proper allocation occur shortly thereafter. Defendant's second and convincing argument is that Plaintiff, through Matthews, knew no later than 2001 that Plaintiff was not going to return the Prudential stock. We agree that the record supports such an argument.

Since more than three years had passed after the earliest date on which Plaintiff had

actual knowledge of Defendant's alleged breach of fiduciary duty, the applicable Statute of Limitations had run. *See Wright v. Heyne,* 349 F.3d 321, 331 (6ᵗʰ Cir. 2003)("It is only the plaintiff's actual knowledge of the underlying conduct giving rise to the alleged violation that is required, rather than the knowledge that the underlying conduct violates ERISA" to begin the running of the three-year statute of limitations); *see also Bishop v. Lucent Tech., Inc.,* U.S. Dist. LEXIS 18181, at *10 (S.D. Ohio 2007)("knowledge of the facts or transactions that constitute the alleged violation" begins the running of three-year statute of limitations). For this reason, Defendant should be awarded judgment in its favor on Plaintiff's breach of fiduciary duty claim.

Plaintiff's second claim is for an equitable restitution and it was asserted, we think, as an alternative claim in the event the Court ruled against Plaintiff on the Statute of Limitations issue, which was problematic in reference to the breach of fiduciary claim under ERISA. As noted in *Lauren W. v. DeFlamminis,* the principle underlying the doctrine of unjust enrichment is that one should not be permitted to enrich oneself at the expense of another. 480 F.3d 259, 277 (3d Cir. 2007). One cannot be restored to ownership unless one is entitled to own in the first place. The trustee of the Master Trust is the titled owner of the disputed shares because it is the annuity contract holder. Articles Two and Three of the Master Trust agreement so state and there exists no proof that the Administrative Committee determined otherwise. And neither the Master Trust nor the trustee, Bank One, is a defendant is this case. Defendant is, therefore, entitled to Judgment on the merits of this claim.

Finally, Plaintiff asserts a claim for conversion, to which Defendant responds that Plaintiff's state law claim for conversion is preempted by ERISA. Section 514 (a) of ERISA provides in pertinent part:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). Plaintiff's claims challenge the right of the Plan and Master Trust trustee to retain the Prudential Financial stock. As such, we find that Plaintiff's claims relate to an employee benefit plan regulated by ERISA and that those claims are preempted by ERISA. *See* 29 U.S.C. § 1144(a). Defendant is entitled to Judgment on Plaintiff's conversion claim also.

## CONCLUSION

After having reviewed the briefs of the parties, listening to oral argument and having had the time to consider the positions of the parties, we do not believe there is a basis for reasonable minds to differ. Accordingly, Plaintiff's Motion for Judgment (Doc. 35) is DENIED and Defendant's Motion for Judgment (Doc. 34) is GRANTED. Judgment shall be entered in favor of Defendant in accordance with the Court's decision herein.

July 10, 2009

Timothy S. Hogan
United States Magistrate Judge